**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| **CARROLS, LLC,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | )   **Case No.: 1:13-CV-355** |
| **ALL-AMERICA FOODS, INC., et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Extension to Respond to Requests for Production of Documents, filed on March 4, 2014. (Docket # 72.) In the motion, Defendants seek a thirty-day extension within which to produce their responses to Plaintiff's Request for Production of Documents, which were mailed on January 31, 2014. (Defs.' Mot. for Extension to Respond to Reqs. for Produc. of Docs. ("Def.'s Mot.") ¶¶ 1, 3.)

Under Federal Rule of Civil Procedure 37(a)(1), a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 37-1(a) adds the requirement that the "separate certification" state "(1) the date, time, and place of any conference or attempted conference; and (2) the names of the parties participating in the conference."

"A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Romary Assocs., Inc. v. Kibbi, LLC,* No. 1:10-cv-376, 2011 WL 4005346, at *5 (N.D. Ind. Sept. 8, 2011) (citation omitted); *accord Ellis v. CCA of Tenn., LLC*, No. 1:08-cv-0254-SEB-JMS, 2009 WL 234514, at *2 (S.D. Ind. Feb. 2, 2009)

(citation omitted). "The requirement to meet and confer must be taken seriously, because 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Hartford v. Schindler Elevator Corp.*, No. 1:09-cv-132, 2010 WL 5463293, at *1 (N.D. Ind. De. 29, 2010) (quoting *Imbody v. C & R. Plating Corp.*, No. 1:08-cv-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010)).

Here, Defendants claim that on February 28, 2014, one of its attorneys sent an email to Plaintiff's counsel requesting a thirty-day enlargement of time to respond to the discovery requests. (Def.'s Mot. ¶ 5.) Over the course of the next few days, counsel exchanged emails concerning the requested enlargement of time, but were unable to reach agreement on the matter. (Def.'s Mot. ¶ 5, Ex. B.)

Brief e-mail correspondence, however, falls short of a good faith attempt at a conference. *See Forest River Hous., Inc. v. Patriot Homes, Inc*., No. 3:06-cv-841 AS, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007) ("[T]wo emails . . . do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue."); *see also Imbody*, 2010 WL 3184392, at *1 (concluding that several letters exchanged between counsel was not a good faith conference); *Shoppell v. Schrader*, No. 1:08-cv-284, 2009 WL 2515817, at *1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Pinkham v. Gen. Prods. Corp*., No. 1:07-cv-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (concluding that an exchange of five letters was not a good faith conference). In particular, an email exchange "merely recit[ing] each parties' general stance on the issue rather than any type of bartering or negotiations . . . . does not represent meaningful dialogue or show an attempt at a such dialogue to satisfy Fed. R. Civ. P. 37(a)." *In re FedEx Ground Package Sys*., No. 3:05-MD-

527, 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007).

To reiterate, "[t]he requirement to meet-and-confer must be taken seriously . . . ." *Garcia v. Aartman Transp. Corp.*, No. 4:08-cv-77, 2010 WL 2427571, at *4 (N.D. Ind. June 4, 2010) (alteration in original; citation and internal quotation marks omitted). "The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)).

And even if the parties' e-mail exchange constituted a good faith attempt to resolve the discovery dispute, there is no "separate certification" reciting the date, time, and place of the conference and the parties that participated, as required by Local Rule 37-1(a). The failure to file the required certification is itself grounds for denial of the Defendants' motion for extension. *See* N.D. Ind. L.R. 37-1(b) ("The court may deny any motion . . . if the required certification is not filed.").

For these reasons, Defendants' Motion for Extension to Respond to Requests for Production of Documents (Docket # 72) is DENIED.

SO ORDERED.

Enter for March 5, 2014.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge